**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>American Express National Bank<br>c/o BECKET & LEE LLP<br>16 General Warren Boulevard, P.O. Box 3001<br>Malvern, PA 19355 | **DEFENDANTS**<br>El Hadji Amadou Hamidou Toure aka El Hadji A. Toure<br>9510 Sandia Springs Cir<br>Cypress, TX 77433 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Brendetta Anthony Scott<br>The Anthony Scott Law Firm PLLC<br>2500 Tanglewilde St., Suite 274<br>Houston, TX 77063 / Telephone: (713) 401-3447 | **ATTORNEYS** (If Known)<br>Reese W. Baker<br>Baker & Associates<br>950 Echo Lane, Suite 300<br>Houston, TX 77024 / Telephone: (713) 869-9200 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(14A)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 12,803.54 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>El Hadji Amadou Hamidou Toure | BANKRUPTCY CASE NO.<br>26-34321 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISION OFFICE<br>Houston | NAME OF JUDGE<br>Hon. Jeffrey P Norman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Brendetta Anthony Scott | | |
| DATE<br>September 28, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brendetta Anthony Scott | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: EL HADJI AMADOU HAMIDOU TOURE,<br><br>Debtor, | ) | Chapter 7<br><br>Case No. 26-34321 |
| AMERICAN EXPRESS NATIONAL BANK,<br><br>Plaintiff,<br>v. | ) | Adv. Proc. No. |
| EL HADJI AMADOU HAMIDOU TOURE aka EL HADJI A. TOURE,<br><br>Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

3. On June 18, 2026, the Defendant, El Hadji Amadou Hamidou Toure aka El Hadji A. Toure ("the Defendant") filed a Chapter 7 petition, commencing the above case.

4. American Express is the holder of a claim against the Defendant arising from American Express card account number xxxx-xxxxxx-x3002 ("the Account ").

5. The Account was opened by the Defendant on or around February 21, 2019.

6. The balance on the Account as of the date of the filing of the Chapter 7 petition was $21,227.76.

7. The terms and conditions of the Account Agreement between Defendant and American Express calls for the payment of all costs, including reasonable attorneys' fees, expended by American Express in the collection of the Account, which is hereby requested in the following counts.

**FIRST COUNT**

8. Paragraphs 1 through 7 are hereby repeated and incorporated.

9. On January 8, 2026, the Defendant made one (1) charge in the amount of $4,574.17 to GOV*HCTAX.

10. On January 8, 2026, the Defendant made one (1) charge in the amount of $4,504.73 to CYPRESS FAIRBANKS TAX PMT.

11. On January 8, 2026, the Defendant made one (1) charge in the amount of $3,987.16 to OPC*Harris MUD501 UTLT.

12. On January 8, 2026, the Defendant made one (1) charge in the amount of $119.22 to OPC TAX*SERVICE FEE.

13. According to the Statement of Financial of Affairs, the Defendant first paid for bankruptcy representation on December 15, 2025. All of the charges referenced in Paragraphs 9-12 were incurred after December 15, 2025.

14. According to his Certificate of Counseling, the Defendant received credit counseling on December 22, 2025. All of the charges referenced in Paragraphs 9-12 were incurred after December 22, 2025.

15. American Express asserts that the charges referenced in Paragraphs 9 - 12 were incurred to pay a tax to a governmental unit, other than United States, that would be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

16. Pursuant to 11 U.S.C. § 523(a)(14A), the charges referenced in Paragraphs 9-12 are excepted from discharge.

17. The terms and conditions of the Account Agreement between the Defendant and American Express call for minimum payment of the charges due on the Account upon receipt of the monthly billing statement.

18. Prior to incurring the charges referenced in Paragraphs 9-12, the Account had a zero balance.

19. One (1) payment in the amount of $381.74 was submitted on January 24, 2026.

20. Payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant.

21. Attached hereto as Exhibit "A" is the relevant portion of the account statements for the Account which reflect the charge activity alleged in this Complaint.

22. The Defendant incurred additional charges after the charges at issue in Paragraphs 9 - 12. These additional charges are not at issue in this Complaint.

23. American Express has sustained loss and damage in the amount of $12,803.54 on the Account regarding the tax charges.

24. For the foregoing reasons, a portion of the balance of the Account in the amount of $12,803.54 is nondischargeable pursuant to 11 U.S.C. §523(a)(14A).

WHEREFORE, Plaintiff, American Express National Bank, prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(14A) against Defendant, El Hadji Amadou Hamidou Toure aka El Hadji A. Toure, in the amount of $12,803.54 plus reasonable attorneys' fees and costs and for any such further relief as the Court may deem appropriate.

Respectfully submitted,

Attorneys for Plaintiff

Dated: September 28, 2026

By: */s/ Brendetta Anthony Scott*

Brendetta Anthony Scott TX Bar #
The Anthony Scott Law Firm PLLC
2500 Tanglewilde St., Suite 274
Houston, TX 77063
Telephone: (713) 401-3447
Facsimile: (713) 583-0646
Email: brendetta@anthonyscottlaw.com